IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHERN MILLS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| INTERNATIONAL TEXTILES ) | JURY DEMANDED |
| GROUP, INC. ) | |
| ) | |
| (f/k/a) ) | |
| ) | |
| SAFETY COMPONENTS ) | |
| INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Southern Mills, Inc. ("Plaintiff") files this Complaint against Defendant International Textiles, Inc. ("Defendant") and alleges the following:

**NATURE OF ACTION**

1. This is an action for damages and equitable relief arising under the patent laws of the United States, Title 35, United States Code, including in particular, Sections 271, 281, 283, 284, and 285, as a result of Defendant's acts of

1

infringement of United States Patent No. 8,898,821("the '821 Patent"). A true and correct copy of the '821 Patent is attached to this Complaint as Exhibit A.

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Georgia, and has a principle place of business at 6501 Mall Boulevard, P.O. Box 289, Union City, Georgia 30291. Plaintiff is in the business of manufacturing and selling fabrics, including flame resistant fabrics. Plaintiff is the current assignee and owner of the '821 Patent and is entitled to enforce all rights arising therefrom, including the right to prevent infringement of the patent.

3. On information and belief, Defendant is a corporation organized under the laws of Delaware, with its principle place of business at 804 Green Valley Road, Suite 300, Greensboro, N.C. 27408. Defendant may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. On information and belief, Defendant has been, and is now, directly and through its agents and affiliates, doing business in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a).

5. Defendant conducts substantial business in the state of Georgia, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and/or knowingly deriving revenue from the sale of goods and services, including the infringing goods and services, to individuals in the state of Georgia. Thus, Defendant has purposefully availed itself of the benefits of the state of Georgia, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(b) because Defendants has transacted business and committed acts of patent infringement in this judicial district.

## THE PATENT

7. On December 2, 2014, the United States Patent and Trademark Office duly and legally issued the '821 Patent, entitled "Flame Resistant Fabric With

Anisotropic Properties," to Plaintiff as the assignee and naming Michael T. Stanhope, Charles S. Dunn, and Matthew Lucius Colatruglio as the inventors.

## GENERAL ALLEGATIONS

8. Defendant makes, uses, imports, sells, or offers for sale flame resistant fabrics, such as the flame resistant thermal liners under the Glide™ trade name.

9. For example, the flame resistant thermal liners under the Glide™ trade name include a face cloth formed of 60% DuPont™ Kevlar® (para-aramid) filament fibers, and 40% spun yarn comprising a blend of DuPont™ Nomex® (meta-aramid) and Lenzing FR® (flame resistant viscose/rayon) staple fibers. *See* Exhibit B.  The face cloth of the Glide™ thermal liner product is a flame resistant fabric. *See* Exhibit B.

10. The face cloth of the Glide™ thermal liner product is a woven fabric having warp yarns and fill yarns. *See* Exhibit B.  Upon information and belief, either the warp or fill yarns comprise the Kevlar® filament fibers. Upon information and belief, the other of the warp or fill yarns comprise the spun yarns comprising a blend of Nomex® and Lenzing® staple fibers.  These spun yarns have a different fiber content from the Kevlar® filament fibers.

11. As illustrated in Exhibit B, the Kevlar® filament fibers are predominantly exposed on the body side of the face cloth of the Glide™ thermal liner product (*i.e.*, the side facing the wearer):



Fig. 1: Glide

12. The spun yarns, which are less exposed on the body side of the Glide™ thermal liner product, are predominantly exposed on the back side of the face cloth of the Glide™ thermal liner product, facing away from the wearer.

13. More para-aramid fibers are located in either the warp or fill yarns that comprise the Kevlar® filament fibers than the other of the warp or fill yarns that comprise the spun yarns comprising a blend of Nomex® and Lenzing® staple fibers.

14. Defendant was aware of the '821 Patent prior to the filing of this Complaint.

15. Prior to the filing of the Complaint, Plaintiff relayed its infringement concerns regarding the '821 Patent to Defendant on multiple occasions, including but not limited to the following.  *See* Exhibit C, n. 1.

16. On October 17, 2014, Plaintiff's representative Mr. Daniel Hauert advised Mr. Joey Underwood, Defendant's Senior Vice President, of Plaintiff's then-pending patent application, published as US 2012/0090080 A1 ("the '080 Published Application"), which thereafter issued as the '821 Patent, and the infringement of the allowed claims therein by Defendant's Glide™ thermal liners.

17. On February 19, 2015, after issuance of the '821 Patent, Mr. Hauert again advised My. Underwood of Defendant's infringement of the '821 Patent via activity related to Defendant's Glide™ thermal liners.

18. Additionally, in a March 17, 2015 letter correspondence, counsel for Plaintiff provided Defendant with an exemplary claim chart explaining how Defendant's Glide™ thermal liners, based on Defendant's public marketing materials, infringed claim 1 of the '821 Patent.  *See* Exhibit C.

## PATENT INFRINGEMENT

19.   Plaintiff realleges, adopts, and incorporates by reference the allegations included within paragraphs 1 through 18 as if fully set forth herein.

20.   Defendant has manufactured, used, offered for sale, or sold, and continues to manufacture, use, offer for sale, or sell in the United States flame resistant fabrics, such as flame resistant thermal liners under the Glide™ trade name, that incorporate each and every element of one or more of the claims of the '821 Patent and therefore are covered by the '821 Patent ("the Accused Products").

21.   Defendant has been infringing and continues to infringe the '821 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing the Accused Products, such as flame resistant thermal liners under the Glide™ trade name, that embody each element of at least one of the claims of the '821 Patent and will continue to do so unless enjoined by this Court.

22.   Defendant also indirectly infringes the '821 Patent within the United States by inducement under 35 U.S.C. § 271(b).  Since learning of the '821 Patent and by failing to cease offering the Accused Products, Defendant has knowingly and intentionally induced, and continues knowingly and intentionally to induce,

others in this judicial district and throughout the United States to directly infringe one or more claims of the '821 Patent. It does so, *inter alia*, by (1) providing instructions or information, for example in Exhibit B, to explain how to use the Accused Products in an infringing manner; and (2) touting these infringing uses of the Accused Products in advertisements, including but not limited to Exhibit B.

23. Defendant also indirectly infringes the '821 Patent by contributing to the direct infringement of garment manufacturers and end users under 35 U.S.C. § 271(c) by providing the Accused Products, which, as evidenced by Defendant's own marketing materials, are specially made for use in a manner infringing one or more claims of the '821 Patent, and have no substantial non-infringing uses.

24. Plaintiff has been and continues to be injured by Defendant's infringement of the '821 Patent.

25. Plaintiff has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Plaintiff is entitled to recover damages to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

26. Defendant's infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '080 Published

Application and the '821 Patent, such that Plaintiff is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

27. Defendant knew of the '821 Patent and has disregarded, and continues to disregard, an objectively high likelihood that its actions infringe the '821 Patent. Defendant knew of the risk that its actions infringe the '821 Patent, or the risk is so obvious that Defendant should have known of it.

28. Plaintiff has been damaged by Defendant's infringement of the '821 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendant is enjoined from continuing to infringe.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment that Defendant has infringed the '821 Patent, and that such infringement has been willful;

(b) Permanently enjoin Defendant from infringing the '821 Patent, pursuant to 35 U.S.C. § 283, or grant such other equitable relief the Court determines is warranted;

(c) Award Plaintiff damages in an amount to be proven at trial because of the injury suffered by reason of Defendant's infringement of the '821 Patent;

(d) Increase the damages awarded to Plaintiff up to three times the amount found to be Plaintiff's actual damages, as authorized by 35 U.S.C. § 284;

(e) Award Plaintiff its attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

(f) Award Plaintiff prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(g) Award Plaintiff such other and further relief as the Court deems proper.

## **JURY DEMAND**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on any issue in this action triable by right before a jury.

Respectfully submitted this 21st day of July, 2015.

/s/Joshua H. Lee
Russ A. Korn
Georgia Bar No. 428492
Kristin J. Doyle
Georgia Bar No. 394798
Joshua H. Lee
Georgia Bar No. 489842

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
Phone: (404) 815-6500
Fax: (404) 815-6555

*Attorneys for Plaintiff*
*Southern Mills, Inc.*